PURNEL JOHNSON *vs.* JOHN FLEETWOOD, garnishee of JESSE GREEN, Junior.

ROBERT HOUSTON *vs.* The same defendant.

A wife's *chose in action* is liable to be *attached* for the debt of her husband.

ISSUES on a plea of nulla bona.

Plff. gave in evidence a judgment at the suit of Benton Harris for the use of Eliza Ann Harris against John Fleetwood; and proved that Jesse Green, jr. had married the said Eliza Ann Harris.

The doubt which arose in the case was whether a chose in action belonging to a man in right of his wife could be attached before the husband had reduced it into possession. Neither the defendant Green nor Fleetwood the garnishee had counsel.

The court permitted a verdict to be taken in each case, "that Fleetwood was indebted to Eliza Ann Green, wife of Jesse Green, junior, in the sum of $194 58, on a judgment due her dum sola;" and, upon consideration, gave judgment against the garnishee on the said verdict.

*Black, Justice*:

Husband and wife are by the principles of the common law considered as one person, and her legal existence merged or suspended during their union; all the rights and duties which are hers at the marriage become the rights and duties of the husband while the union lasts. By marriage the husband acquires an absolute unqualified interest in the personal chattels of the wife. Her choses in action *vest* in him at the marriage and he acquires in them a qualified interest or property, that is he may reduce them to possession, and thus make them his property absolutely. These choses in action are nothing more than *rights* arising from contracts expressed or implied, and these *rights* of the wife become on the marriage the *rights* of the husband; they remain in him; he can control, dispose

of, or reduce them to possession and make his title absolute, but whether this be done or not they continue during the union *his rights.    Clancy*, 3, 4. If one be attainted or outlawed *his* goods and chattels are declared by the law to be forfeited, and in such cases the chattels real and personal and the choses in action which belonged to the wife pass on the conviction or outlawry of the husband to the crown as forfeited. 1 *P. Wms.* 253; 2 *do.* 199; *Plowd.* 262. In assignments by operation of law as in bankruptcy where all the estate and debts of the bankrupt vest in the commissioners, and are transferred by them to assignees, the choses in action of the wife are held invariably to pass, and if the assignees reduce them to possession before the death of the husband, all right of the wife is extinguished. 2 *Kent*, 138; 1 *P. Wms.* 249; 2 *Mad. Ch.* 636. The law is the same in the case of voluntary assignments by insolvents on taking the benefit of the insolvent laws, subject as in the preceding case to the right of the wife to claim for her own use the chose in action, provided she survives her husband, and that at his death it has not been reduced to possession by the assignees. *Clancy*, 128; 2 *Mad. C. C.* 16; 1 *P. Wms.* (in note) 459. The debts due from the wife *dum sola* are discharged by the certificate of bankruptcy of the husband. 1 *P. Wms.* 249, 254. In all these cases general terms are used—*his* estate, debts, &c. The courts have adopted the principle that the *debts*, &c. or choses which belonged to the wife at the marriage, became the debts or choses of the husband, and passed by actual assignment, or in a transfer by operation of law as *his debts* and *choses*; that the assignee acquired all the rights of the husband in relation to such debts, and stood in the shoes of the husband and had the same powers which he had. Our attachment law is not less comprehensive in its terms than the bankrupt or insolvent law to which we have referred, so far as it relates to the estate or debts that may be attached. By it the plff. is authorized to attach the defendant "by all his, her or their goods and chattels, rights and credits, lands or tenements, in whose hands or possession the same may be." The chose in action of the wife is vested in the husband; he alone can receive it; she has no such power; he alone can claim: the right to it is his; the right to receive it or compel the payment is his; all his *rights* his creditor is authorized by the law to attach; this is a clear right of the husband; the right to compel the payment to him of the debt which was due the wife, and whenever it is attached, the creditor by operation of law is placed in relation to the debt where the husband previously stood, clothed with all the rights and power as to such debt which the husband had previously possessed. If he can possess himself of the debt before the husband dies it is his; if he does not do this, then the wife, if she survives, would be entitled to it. Could it be contended with any degree of seriousness under *our* insolvent laws that the debts due the wife did not pass to the assignees on the discharge of and assignment by the husband of all his rights and credits? Was it ever designed by those laws that a husband should have the benefit of them who had due to him in right of his wife, debts to a large amount and more than sufficient to pay all his debts, unless he transferred such debts for the benefit of his creditors? certainly not; and

if there be in such a case no doubt it would seem difficult to raise one under our attachment law when the terms used in relation to the property and estate are very nearly the same. Each act uses the words "goods, chattels, rights and credits." It is true there is additionally in the insolvent act the words "personal estate of every nature and description," but if the debt due the wife cannot be comprehended under the terms "rights and credits," it would be not less difficult to cover it by the term "personal estate." In each law it was the intention of the legislature that the assignee or the attaching creditor should have all those goods, chattels, rights and credits which the insolvent or debtor attached, could have, take, or turn into money, as fully and with like power as the insolvent or debtor. They were substituted in his place. In the present case the husband is still living; his creditor therefore who has attached this debt due to the wife is entitled to judgment against the garnishee Fleetwood on the verdict.

*Robinson,* for Johnson.
*Layton,* for Houston.